THOMAS A. BERRYMAN *v.* N. C. COOK.

**Possession of Promissory Note.**
> The production and possession of a note is *prima facie* evidence of ownership.

**Interest — Usury.**
> Where usurious interest is charged it must be reduced to the lawful rate, and where interest is charged on notes and open accounts by appellant and none allowed on the funds in his hands belonging to the appellee the accounts will be corrected by allowing interest where it has been thus withheld.

APPEAL FROM FRANKLIN CIRCUIT COURT.

June 11, 1866.

OPINION OF THE COURT BY JUDGE PETERS:

The terms upon which the court below permitted appellant to file an amended answer were not unreasonable nor an abuse of a sound discretion.

All the instructions asked by appellant were given, and we see no objection to those given on motion of appellee, to which he objected. Nor do we see any valid objection to the admission of the evidence offered by appellee and objected to by appellant.

But it seems to us that the verdict and judgment were for more than the evidence authorized, and on that account a new trial should have been awarded appellant.

The accounts " D, E, F," were introduced as evidence for, and by appellee, notwithstanding the objections of appellant, and he must accept them as his own evidence, but where usurious interest is charged it must be reduced to the lawful rate, and where interest is charged on notes and open accounts by appellant, and none allowed on the funds in his hands belonging to appellee, the accounts will be corrected by allowing interest where it has been thus withheld.

With this preliminary statement of the principles upon which this controversy must be settled, we will proceed to adjust the accounts and strike the balance.

Interest should be allowed appellee on $1,370.40, which appellant states he received from the sheriff of Owen county in 1859.

*On paper "E."* And as by the terms of the contract between appellee and the building committee, the several installments are stipulated to be made 1st of November, 1859, that period will be fixed for interest to commence and calculated to the 1st of November, 1861. When the last amount settled by the committee, appointed to make said settlement, reported $2,110.50, which interest at the last-named date amounted to $164.45.

Interest on $2,025.66 paid by the sheriff of Owen county to appellant, 1860 *(per paper "E")* for one year to 1st November, 1861, $121.53.

As appellant at this period had a sufficiency of funds in his hands belonging to appellee to pay all the money he had of appellant, interest should not be allowed him after that time. On the $1,500 loaned by him to appellee on the 20th of June, 1857, he charged in his account $700 as interest for four years and eight months; he can only be allowed interest at *6 per cent. per unnum* from 20th of June, 1857, to 1st November, 1861, four years, four months, and ten days, and will make at 6 per cent. *per annum* the sum of $392.50 and reduce appellant's charge $307.50. And so if the note for $50, due the 15th November, 1858, charges interest on that sum to 1st November, 1861, at the rate of 6 per cent. *per annum,* being three years, less thirteen days, will make the sum of $8.87 less than was charged on paper "*E*," by $7.13. Other charges of interest are too inconsiderable to be noticed.

By adding the interest on the two sums received by appellant his indebtedness will be increased that much, and deducting the overcharges of interest in his account, his credits will be reduced to that extent, and would stand thus:

Thomas A. Berryman's indebtedness............... $5,792 60

Cr.

By his account corrected....................... $4,813 44

Will leave balance on the accounts thus stated against
    him of................................... $979 16

The Smith's account of 1857, forming part of paper "E," was introduced by appellee, and should be allowed after taking therefrom interest after one year, and the accounts for the succeeding years should be allowed without interest, because, in 1858, appellant got from appellee lumber and various articles, amounting

in the aggregate to $248.65, which would have more than offset this blacksmith account, and no interest is charged or allowed on this account to appellee upon this principle that the Smith's account after deducting interest improperly would be $227.50, which deducted from the $248.65 would leave to be added to appellant's indebtedness $21.15, making this sum $1,000.31.

| | | |
|---|---:|---:|
| Amount due appellee from paper " D, E, F," as corrected herein . . . . . . . . . . . . . . . . . . . . . . . . . . . | $1,000 | 31 |

| | | |
|---|---:|---:|
| Upon which appellant is entitled to the following credits: | | |
| Note on Dawson . . . . . . . . . . . . . . . . . . . . . . . . . . . | $500 | 00 |
| Interest on same from 18th February, 1858, to November 1, 1861 . . . . . . . . . . . . . . . . . . . . . . . | 110 | 83 |
| Note executed to N. Patterson due 16th of September, 1859, by appellee. . . . . . . . . . . . . . . . . . . . . . . | 129 | 57 |
| Interest to 1st November, 1861, 2 years 1½ months. . | 16 | 50 |
| | $756 | 90 |
| Amount due appellee 1st November, 1861. . . . . | 243 | 41 |

for which appellee was entitled to a judgment and its accruing interest.

Appellant, in his amended answer, claims a credit for all the items placed to his credit in the papers " D, E, F," used as evidence on the trial, and in addition thereto he claims credit for the various vouchers filed by him as a part of said amended answer, relying upon the whole as proper offsets to the demands set up against him by appellee, and we deem his allegations sufficient for the purpose.

The production and possession of the Patterson note by appellant is *prima facie* evidence of ownership in him, especially as appellee does not claim ever to have paid it himself or that it is not justly due to some one.

Wherefore, the judgment is reversed, and the cause remanded, with directions that a new trial be awarded, and for further proceedings consistent with this opinion.